### THE STATE v. A. C. JONES.

In criminal prosecutions for misdemeanors, where the punishment consists in a fine, the case may be submitted to the Court upon an agreement of facts, same as in civil cases.

An indictment will not lie against the overseer of a road, for failing to keep the road in repair within the limits of an incorporated town, the charter of which gives the town authorities power to lay out and improve streets and alleys, where there is an organization under the charter ; for the reason that in such case, the County Court has no jurisdiction over the subject of highways within such incorporated town.

Appeal from Goliad.   Tried below before the Hon. James Webb.

Indictment of appellee, as overseer of a road, for failing to keep the road in repair.   Exception on the ground that the road was one of the streets of the town of Goliad, and was not under the jurisdiction of the County Court.   Agreement as follows :

It is agreed in this case, that the Town Council of the town of Goliad, in laying off the town proper of Goliad, in the year A. D. 1847, surveyed and located a certain street called Fannin street, extending not only through said town proper, but also, to the eastern boundary of the town tract of Goliad, which said street then formed, and yet forms, a part of the survey and plan of the town of Goliad, as delineated on the recorded map of said town.

It is further agreed, that in 1853, a Board of Viewers, duly appointed by the County Court of said county, for that purpose, surveyed and located a road from said town proper, to the eastern boundary of Goliad county, which as reported by said Board, commenced on said Fannin street, at a point oppo-

site the public square in the town proper, and followed said street to the eastern boundary of the town tract, and from thence continued to the eastern boundary of the county of Goliad, there intersecting a road running westward to that point from the town of Victoria in Victoria county.

It is further agreed that this road, duly reported by said Board of Viewers, was all embraced within, and designated and known by said County Court as " Road Precinct Number Seven," and that said County Court, from that time, continued to exercise jurisdiction over said precinct and road by the appointment of Overseers therefor, the designation of hands liable to do duty thereon, and having said road so kept in repair, always styling it "Road Precinct Number Seven," until the year 1855, when the County Court divided said precinct, and constituted and designated that part of said road embraced between the aforesaid beginning point in the town proper and the eastern boundary of the town tract, as "Road Precinct Number Seven," by which name and number it has since been known, to the present time, by the County Court, though commonly called " the Victoria Road ;" and that during the year 1855, the County Court exercised the same jurisdiction as previously over this part of the road lastly named, as constituting " Precinct Number Seven."

It is further agreed that the County Court of said county, at its February Term, 1856, appointed the defendant A. C. Jones, Overseer of " Road Precinct Number Seven," duly designating to him the boundaries of said precinct, and designating the road hands therein, in the manner shown by the appointment herewith filed as part hereof, which said appointment said defendant never objected to accepting.

It is further agreed, that the whole of said road, comprising "Road Precinct Number Seven," as lastly numbered and designated by the County Court, lies within the limits of the town tract of the town of Goliad.

It is further agreed that said defendant has not complied

with the duties of the appointment as said Overseer, and has not caused any work to be done on said road, on account of the doubt as to whether the County Court or Town Council had jurisdiction or control over the subject.

It is further agreed that said defendant, as Overseer aforesaid, has permitted and suffered the particular places stated in said indictment, to remain unbridged, unrepaired, and almost impassable, as charged in said indictment, and for the space of time therein charged.

It is further agreed, that since the aforesaid year 1847, there has been in the town of Goliad, a duly constituted and acting Town Council, which said Council had been performing the duties incumbent upon them by virtue of the Act of incorporation of said town.

This agreement is made to enable the Court to determine the question raised by the exceptions, whether the County Court or the Town Council had jurisdiction over the subject. (Signed by the District Attorney and the attorney for the defendant.)


Opinion delivered by the Judge of the Court below, and incorporated in the transcript :

The exceptions assume that the defendant is not charged with any offence for which he can be punished under the Law.

To consider the indictment simply upon the allegations contained in it, it is manifest that an offence is charged which is punishable, but it is said that on the facts of the case, when the law is applied to them, it will be seen that the defendant has committed no offence, and that the indictment cannot be sustained.

A demurrer or exception is not the proper mode of presenting matters of fact which do not appear upon the face of the pleadings demurred or excepted to, but as the parties have agreed upon the facts, and only disagree as to the construction of the law to be applied to them, and as they are desirous that

the Court shall decide the legal questions, which will necessarily arise in the case at some stage of its proceedings, without the necessity of going into an expensive and protracted jury trial, they will be considered upon the exceptions and facts agreed upon, as though those facts did appear upon the face of the indictment, or had been found by a special verdict.

The main, and indeed only essential question presented is one of a conflict of jurisdiction between the County Court of Goliad county, and the Town Council of the town of Goliad, in respect to the authority of these two bodies over the roads, streets and thoroughfares, which run through and are within the incorporated limits of the town.

There is no doubt that a general jurisdiction has been given by law to the County Courts to lay out, establish and keep in repair, in their respective counties, such roads, or public highways, as may be necessary for the travel and transportation of the products and commerce of the county, and consequently, the County Court of Goliad county possessed the right and power to establish the road now in controversy, unless that power has been taken away, or rendered inoperative by other legislation on the subject.

The Act incorporating the town of Goliad, gives to the Town Council the right to lay out, establish and improve the streets, and alleys of the town. These streets and alleys when laid out and established, are as much public highways as the roads laid out by the County Court. The statement of facts shows that there was a Town Council legally organized under the charter—that it was in the peformance of the duties imposed upon it by the charter—that the town had been regularly laid out into streets and alleys, and that the road which has given rise to the present controversy passed over and along one of the streets thus laid out and established by the incorporated authorities of the town.

The question then is, which of these two bodies, the County Court, or the Town Council, has the authority to regulate and

keep in repair this street or road ?   Both cannot exercise it at
the same time, without producing a conflict which would be
irreconcilable, and which might be exceedingly detrimental to
the interest of the town. To illustrate : The Council considers
it essential to the health, beauty and convenience of the town
that the streets should have a width of eighty feet, and accord-
ingly in laying it out, gives to them that width.   The roads
of the county usually have a width of thirty feet, and the
County Court is not required to give to them a greater width,
and in constructing them, under its authority to . do whatever
in its judgment may be necessary to perfect them, it may
throw up embankments and cut ditches on either side by which
they will be confined to the limits of thirty feet. Now suppose
the County Court should think proper to exercise this power
over the street or road in question, would not that destroy
the right of the Council to regulate and improve its own
street ? And if the County Court could exercise such a power
in reference to this street, could it not, by laying out a public
road over every street in the town, exercise a similar power
over every street which the Town Council had laid out under
the authority of its charter ?   And would not the exercise of
such power entirely take away the right conferred on the
Council to lay out, regulate, and improve the streets and alleys
of the town ?

Again, as it was well said in the argument at bar, if the
County Court have the right to lay out roads through the
town, it has the right to apportion the hands contiguous to
those roads to work and keep them in repair ; and if the Town
Council have the right to lay out and improve streets and
alleys in the town, it must necessarily have the right to call
upon the hands contiguous to those streets and alleys to work
upon and improve them.   Now, suppose the Overseer of the
road or roads passing through the town, should, under the
authority conferred upon him by the County Court, call upon
the hands contiguous to these roads to work them at a par-

ticular time, and the Town Council under the authority of its charter, calls the laboring inhabitants of the town to work upon and improve the streets at the same time, which of these two commands would the people be bound to obey? They certainly could not be required to obey both, and the fact that they could not, shows that such a conflict of auhority was never contemplated, and that it could not legally exist. No two independent bodies can exercise unlimited authority or control over the same subject matter, at the same time, without giving rise to conflicts and collisions which the law never intended, and which the people would never tolerate.

In looking over all the laws upon this subject however, I am of the opinion that such conflict and collision could not arise if a sensible construction were given to the Statutes under which each of these bodies respectively claim authority to act.

The County Court does, it is true, possess a general jurisdiction, co-extensive with the limits of the county, to lay out and establish public roads and highways, but as that jurisdiction is conferred by a general law which is applicable to every county in the State, it is at all times subject to be changed or modified by special laws, acting upon the same subject in particular counties, or special localities, though such change will not affect the operation of the general law, except in these particular localities which are intended to be taken out of the rule.

Now the Act incorporating the town of Goliad, and giving to its Council authority to lay out and improve the public highways within the incorporation, is a special law upon the same subject, co-extensive in its operation with the limits of the town, and if acted upon by the Council, its effect must be to modify and repeal the general law upon the subject, within those limits, and to take from the County Court its jurisdiction over roads and highways therein.

It has been said in argument, that if the law incorporating

the town takes away from the County Court the power to lay out and regulate roads within the town limits, and the Council do not choose to exercise the power conferred upon it, to lay out streets and highways, then the people of the county will be subjected to the inconvenience of having no road for travel or the transportation of their commerce through the town tract, and will be deprived of the means of visiting the seat of justice and other places of public business established within the town. Such a consequence, in my judgment, by no means follows. Until the Town Council acts under the authority conferred by its charter, the general authority of the County Court over the subject matter continues to exist, and may be exercised. It is only when both bodies attempt to act in opposition to, and in conflict with each other, that the power and authority of one must cease and yield to that of the other, and in such a state of things, I am of the opinion that the authority of the County Court must yield to that of the Town Council.

It has been further said in argument, that if the Town Council once acts under its charter, in laying out public streets and highways, and thereby divests the County Court of its jurisdiction over those matters, that then there will exist no power to compel it to keep those streets and highways in repair, and they might become totally useless, so far as the public convenience and interests are concerned ; but if the County Court retained its authority to lay out the roads, and is required, as it is by law, to keep them in repair, it may be compelled by a proper proceeding in the District Court to perform its duty. The force of the argument is not perceived. If the County Court, being subordinate to the law, can be compelled to perform its ministerial duties, I can perceive no reason why another tribunal, equally subordinate, may not be compelled to perform its duties of a similar character. It is true, there may be no authority in the District Court to compel the Town Council to lay out its town in a particular form or shape, but

when it undertakes to act under its charter (one of the provisions of that charter being that it shall lay out streets and alleys in the town) it may be compelled to perform that duty, leaving to its own judgment and discretion the mode of performing it—and so it is with the County Court. If the Court refuses to lay out roads and highways when the public convenience and good requires them, it may be compelled to do so, but the direction in which those roads shall run is a subject for its own discretion, unless in the exercise of that discretion it manifests a disposition to defeat the objects and purposes of the law by running them in such a way as to give to them no public utility. In such a case a remedy may be found in the District Court; and I believe a similar remedy may be found against the Town Council if that should in like manner be the offending party.

In view of the whole subject I am of the opinion that the County Court had no jurisdiction over the road in question at the time the defendant was appointed Overseer of it; that its appointment conferred upon him no authority to require the contiguous hands to work it, and had he made such requisition, the hands would not have been bound to obey it; and that as he possessed neither the legal right or ability to make the road, or to keep it in repair, he is not responsible for its want of repairs. The indictment is therefore quashed.

Perhaps a more technically correct mode of presenting this question for adjudication, would have been upon special verdict and a motion in arrest of judgment, but as all the facts have been placed before the Court, and it has been called upon to do nothing but to apply the law to those facts, I have seen no objection to disposing of it under the form in which it was presented.

*Attorney General,* for appellant. The statement of facts does not show that the corporation of the town of Goliad ever

exercised this particular power or performed the duty of repairing the streets.

It is said in the Opinion of the Judge below, that the power and duty of the County Court would remain vested in that body, until divested by an assumption of the same power and duty by the Town Council. The statement of facts is specific to the point that from 1847 to 1855 this street had been repaired under the orders of the County Court, and it does not appear that there was any interference on the part of the town authorities. A power thus existing in this corporation never brought into active operation or in any manner likely to interfere with the exercise of the same power by the County Court ought not to be permitted to be used to the detriment of the community.

*Pryor Lea* and *F. Faunt Le Roy*, for appellee.

HEMPHILL, CH. J. This was an indictment against an Overseer of a road for neglecting to repair it. There was a demurrer to the indictment, on several grounds ; one of which was, that the road described in the indictment, and the unrepaired parts thereof as alleged, lie within the corporate limits of the town of Goliad of said county, and that the County Court had no control over the same or the right to appoint Overseers within said limits. Whether the County Court or Town Council had jurisdiction was the only question about which there was a contest in the case, and that this might be determined the more conveniently, the counsel of the parties agreed upon the facts and submitted them to the Court.

There is some difficulty in deciding the law upon a case, under an exception, when the facts do not appear on the face of the pleadings excepted to. But the Court gave a satisfactory reason for considering the question when presented in this form, a question decisive of the controversy, which must

be decided at some stage of the proceeding, and which, if settled in this mode, would save all the expense and delay of a protracted suit. In a civil suit the parties can agree upon the facts and submit them to the Court for decision, and there appears to be no substantial reason why such agreement should not be made in criminal prosecutions for misdemeanors where the punishment consists in a fine. We believe that the Court had jurisdiction to decide the legal question, on the facts, in the mode in which they were presented, and being entirely satisfied with the conclusion and reasoning of the Opinion of the Court below, we order the same to be published by the Reporter as the Opinion of this Court, and do order that the judgment be affirmed.

Judgment affirmed.