GEORGE ECHOLS *v.* THE STATE.

OBSTRUCTION OF A PUBLIC STREET — EVIDENCE.— On his trial for the obstruction of a public street in the town of B. by occupying six feet thereof with a fruit stand, the defendant offered in evidence an ordinance of the town authorizing the occupation of six feet of the public streets for such purpose; which was excluded by the court.   *Held,* that the ordinance was admissible, and, if in force, constituted a complete defense to the prosecution.

APPEAL from the County Court of Bell.   Tried below before the Hon. W. M. MINYARD.

The opinion states the nature of the case.   The punishment imposed by a verdict of conviction was a fine of one dollar.

*Conn & Chalk*, for the appellant.

*H. M. Holmes*, for the State.

HURT, J.   The appellant was convicted of obstructing a street in the town of Belton.   The obstruction consisted in a fruit stand.   The evidence on the part of the State was to the effect that about six feet of a certain street in the town of Belton was obstructed by a fruit stand.

The defendant proposed to prove that there was an ordinance of said town, then in force, allowing six feet of the streets to be occupied by fruit stands.   This ordinance was offered after first proving its passage regular by R. H. Turner, a member of the board of aldermen. To the introduction of the ordinance the county attorney objected, but the grounds of objection are not stated. The court sustained the objection; to which the defendant excepted.

We are of the opinion that the ordinance was admissible, and if there was such an ordinance *that fact* would constitute a complete defense to the charge.   *(State* v. *Jones*, 18 Texas, 874.)   The jurisdictional question will not be discussed (though we are inclined to the opinion that the views of counsel for appellant are correct), believing that upon another trial the ordinance will settle this case..

The judgment is reversed and the cause remanded.

*Reversed and remanded.*