TEXARKANA *v.* EDWARDS.

Opinion delivered June 10, 1905.

1. ROAD TAX—EXPENDITURE.—The road tax, when collected, is a fund belonging to the county, and should be paid into the county treasury; and the expenditure of the fund is under the jurisdiction of the county court, which, so far as street improvements are concerned, must act in conjunction with the city authorities-having control of the streets. (Page 23.)

2. SAME—URBAN AND COUNTY HIGHWAYS.—Under Kirby's Digest, § 7351, requiring the road tax to be expended upon the roads of the district where the tax was collected, and section 7358, *Id.,* directing that at least one-fifth of such tax collected within the limits of cities of the first class shall be expended on roads outside of such cities, no part of the tax collected on property outside of a city of the first class can be expended in the city, and but four-fifths of that collected on property in the city can be expended on its streets. (Page 23.)

Appeal from Miller Chancery Court.

JAMES D. SHAVER, Chancellor.

Affirmed.

*Pratt P. Bacon* and *Scott & Head,* for appellant.

Roads and streets are synonymous terms. 24 Am. & Eng. Enc. Law, 986; 27 N. Y. 269; 36 Fla. 196; 3 Nev. 361; 93 Am. Dec. 416. Expenditure of money raised under section 7358 of Kirby's Digest upon the streets is not a diversion of the funds. 36 Fla. 196. All doubts are resolved in favor of the validity of an act. 59 Ark. 528; 39 Ark. 355; 51 Ark. 539. Acts are construed according to the intention of the Legislature. 178 U. S. 41; 160 U. S. 100; 37 Ark. 494; 40 Ark. 432; 65 Ark. 529. The control of the streets is vested in the city council. Kirby's Dig. § § 5530, 5495; 14 S. E. 666.

*John N. Cook* and *W. H. Arnold,* for appellees.

An act should be construed according to meaning of those who adopted it. 51 Ark. 539; 5 Md. 337; 47 Miss. 367. Streets were not intended to be embraced in section 7358 of Kirby's Digest. Elliott, Roads and Streets, 1; Kirby's Dig. § § 1758, 1807; 25 Ark. 289; Cooley, Con. Lim, 73; 48 Ark. 214.

RIDDICK, J. This is a suit in equity by the city of Texarkana against the collector of taxes for Miller County to restrain him from paying certain road taxes collected by him into the county treasury, and to compel him to pay four-fifths of the road tax collected on property within the limits of said city into the treasury of the city, to be expended by the city for the improvement of its streets, and further to enjoin the county judge of that county from expending such part of the tax on roads outside of the city limits.

The defendants appeared, and filed a demurrer to the complaint, which was sustained by the chancellor, and the complaint dismissed.

The questions raised by the appeal from this judgment are, first, whether any portion of this road tax can be properly expended on the streets of a city; and if it be lawful to do so, whether it should be expended by the county judge, or should be turned over by the collector to the city authorities to be expended by them. After due consideration of the matter, we are of the opinion that, as the law now stands, the road tax, when collected, is a fund belonging to the county, and that it should be paid into the county treasury to be expended under the orders of the county judge. As the city has control of its streets, it is probably true that the county court could not carry out a system of street improvement against the wishes of the municipal authorites. To avoid conflict in jurisdiction between the county and city officers in such matters, further legislation may be required. As the law now stands, we think the expenditure of this fund is under the jurisdiction of the county court, which, so far as street improvement is concerned, must act in conjunction with the city authorities having control of the streets.

On the question as to whether the county judge had the right to expend any part of this road tax fund on the streets of the

city, there is more room for doubt. In some of the counties of the State a large portion of such tax is paid by residents of cities of the first class on property located in such cities. If the law did not allow any portion of the tax to be expended on roads within the city limits, it is not unlikely that the result would be that many of these taxpayers would refuse to vote for the tax, and the collection of the tax might in that way be defeated. Although the purpose of the tax is to improve the public roads and highways of the county, still a street is a public highway; and while ordinarily, in speaking of public roads and highways, one does not include streets, yet such language may include streets as well as other highways. Now, as this tax is paid by owners of property in cities, as well as by those who live outside of cities, the presumption should be that it was intended to be used for the benefit of all the property owners and citizens of the county, without regard to whether they live within or without the limits of a city, and that the discretion of the county judge in that regard is unfettered, unless the law is plainly to the contrary. We see nothing in the Amendment to the Constitution which authorizes the collection of a county road tax that prevents such an equitable distribution of the fund. The Legislature seems to have adopted this view of the amendment; for in the act of 1899 (see Kirby's Dig. § 7351) it requires this road tax to be expended upon the roads of the district where the tax was collected, though some of the towns and cities of the State have been constituted separate road districts. In a subsequent act (section 7358) it directs that at least one-fifth of such tax collected within the limits of cities of the first class shall be expended on roads outside of such cities, leaving the place or places in the county where it is to be expended to the discretion of the county judge, from which it may be clearly implied that the remaining four-fifths may be expended in the city.

Now, the facts in this case show that Garland Township of Miller County is one of the road districts of that county, and that the City of Texarkana is situated in that district. Under the acts of the Legislature above referred to, we think that the county judge may expend the road fund collected in that district upon the roads of the district as in his discretion may seem best,

except that one-fifth of that part of the tax collected in the city of Texarkana, a city of the first class, must be expended on roads outside of the city, and such fifth may be expended in any portion of the county where the county judge may deem that it can be used to the best advantage. In other words, under these statutes the amount of the road fund collected in cities of the first class which can be expended within the city is limited to four-fifths of the tax collected in such city. No part of the tax collected outside of the city can be expended in the city, and but four-fifths of that collected in the city can be expended on the roads or streets in the city limits, for the Legislature, which has full control over public highways, has so enacted.

It results from what we have said that in our opinion the judgment of the court refusing to enjoin the collector from paying over the tax in question to the county treasurer was right, and the same is affirmed.

McCulloch, J., concurred in the judgment, but was of the opinion that the city was entitled under the law to have four-fifths of the road tax collected on city property expended on its streets, the expenditure to be made by the county judge. In his opinion the county judge has no discretion to expend more than one-fifth of the tax collected in the city on roads outside of the city limits.