## CITY OF LLANO v. WILBERN, County Judge, et al.

(Court of Civil Appeals of Texas. Austin. Nov. 6, 1912. Rehearing Denied Dec. 18, 1912.)

1. BRIDGES (§ 21*)—MAINTENANCE AND REPAIR—STATUTORY PROVISIONS.

Rev. St. 1895, arts. 1547a, 1547b, 1547c (Rev. Civ. St. 1911, arts. 2252, 2253, 2254), authorizes commissioners' courts to erect bridges within cities and towns and provides that such courts may co-operate with municipal authorities in the construction of bridges, and may, upon certain conditions, issue bonds to build or assist in building such bridges. In 1897 a new article was added (Acts 25th Leg. c. 147), designated article 1547d (Rev. Civ. St. 1911, art. 2255), which provides that commissioners' courts of counties owning bridges within cities and towns shall keep them in repair. *Held,* that the designation of that article as article 1547d did not limit its scope and effect to bridges constructed under the three preceding articles after a city or town was incorporated, but that it applies to bridges within the corporate limits of cities and towns owned by the county, whenever constructed.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 48–55; Dec. Dig. § 21.*]

2. BRIDGES (§ 21*)—MAINTENANCE AND REPAIR—STATUTORY PROVISIONS.

Rev. Civ. St. 1911, art. 2255, requiring commissioners' courts of counties owning bridges within cities and towns to keep them in repair, does not conflict with other provisions of the Revised Statutes conferring upon cities and towns the exclusive authority, and making it their exclusive duty to regulate, repair, and maintain streets.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 48–55; Dec. Dig. § 21.*]

3. BRIDGES (§ 21*)—MAINTENANCE AND REPAIR—STATUTORY PROVISIONS.

The Legislature may shift the duty of repairing and maintaining bridges from incorporated cities and towns to the county within which they are situated.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 48–55; Dec. Dig. § 21.*]

Appeal from District Court, Llano County; Clarence Martin, Judge.

Action by the City of Llano against A. H. Wilbern, county judge, and others, for a writ of mandamus. From the judgment the City appeals. Reversed and reformed.

June 24, 1912, the city of Llano, a municipal corporation, filed this suit against A. H. Wilbern, county judge of Llano county, and against the other members of the commissioners' court of that county, for the purpose of obtaining a writ of mandamus to compel the defendants in their official capacity and on

behalf of Llano county to repair three certain bridges situated within the corporate limits of the city of Llano. The case was tried before the court without a jury on the same day that the petition was filed, and resulted in a judgment for the plaintiff as to two of the bridges constructed since the incorporation of the city of Llano, but against the plaintiff and in favor of the defendants in so far as the bridge across the Llano river is concerned, which was constructed prior to the present incorporation of the city. The defendants' answer included demurrers, general and special, a general denial and a special plea, the terms of which need not be stated here, as it seems to be conceded in this court that, if the trial court ruled correctly on the questions of law presented in appellant's brief, the judgment should be affirmed; otherwise it should be reversed and rendered.

The case was tried in the court below upon an agreed statement of facts as follows:

"(1) On the 1st day of June, A. D. 1892, the inhabitants of the town of Llano incorporated themselves under the provisions of chapter 11 of title 18 of the Revised Civil Statutes of the state of Texas, embracing within the corporate limits of said town the territory upon which the three bridges described in plaintiff's petition are situated; and said corporation continued to exist and transact business through the medium of a regular official board and city government from the date of its incorporation until the 4th day of September, A. D. 1895, when such corporation was in the manner provided by law duly abolished.

"(2) During the year 1892 Llano county, through its commissioners' court, constructed across the Llano river a steel bridge, with wooden sills and floors, 800 feet in length, exclusive of the approaches, with a driveway 18 feet wide and a footway on each side, about 5 feet in width, as described in plaintiff's petition, at a cost of $36,542.52, and the south abutment of said bridge and the south approach thereto are situated on a strip of land owned by said Llano county lying between the said Llano river and the north boundary of that portion of the town of Llano on the south side of the Llano river, as shown by the original plat of said town of record in Book J, on pages 616 and 617 of the Deed Records of Llano county, which is here referred to and made a part hereof. Said bridge across the Llano river was constructed under and by virtue of an order of the commissioners' court of said Llano county, duly made and entered of record on the 10th day of March, 1892, under which a contract was executed on the 15th day of March, 1892, between said commissioners' court and the Wisconsin Bridge Company, for the construction of said bridge, the work to begin on or before the 1st day of August, 1892, and which was completed and turned over to said

commissioners' court on the 2d day of December, 1892.

"(3) Ever since the construction of said bridge across the Llano river said strip of land so owned by said Llano county, as mentioned in paragraph 2 hereof has, without formal dedication, been crossed by a roadway or thoroughfare, leading from the north extremity of Ford street, as shown by said town plat, to the south abutment of, and over said bridge, and same has been in general use by the traveling public as a thoroughfare between the north and south side of said river, and is used generally by the citizenship of Llano county, as well as the inhabitants of the city of Llano; and the adjacent portion of said strip of land so owned by said Llano county on either side of said thoroughfare has been and is being made use of by said Llano county by lease of same to various persons and collecting the rentals therefrom.

"(4) On the 8th day of April, A. D. 1901, the inhabitants of the town of Llano again incorporated themselves under the provisions of chapter 11 of title 18 of the Revised Civil Statutes of the state of Texas, embracing the same territory as embraced by the former incorporation, as well as additional territory, and such last incorporation thereafter on the 1st day of July, A. D. 1901, accepted the provisions of said title 18 in lieu of the provisions of said chapter 11, as is provided for therein, and has ever since existed and transacted business through the medium of the city government as is provided for in said title under the name of 'the city of Llano.'

"(5) The city of Llano as it now exists contains about 3,000 inhabitants, and embraces property of the taxable valuation of about $1,155,912. The only tax ever levied by said city is an ad valorem tax of 25 cents on the $100 valuation, from which is derived annually about the sum of $2,889.78, and from all other sources about $610.22 per annum, making the annual revenues of said city about the sum of $3,500.

"(6) During the year 1902, and during the existence of the present corporation of the city of Llano, the said Llano county, through its commissioners' court, constructed two steel bridges with wooden sills and floors, one 75 feet in length, exclusive of approaches, across Flag creek, and the other 40 feet in length, exclusive of approaches, across Buttery branch, both within said corporate limits, at an aggregate cost of about $4,000.

"(7) All three of said bridges are the property of Llano county, and said county has never in any wise parted with the title to them, or either of them, but is now the owner of same and has at all times through its said commissioners' court controlled said bridges and exercised full and unrestricted authority thereover, including the promulgation of rules to be observed by the traveling public in passing over the same, and has rec-

ognized and admitted its duty and liability to keep said bridges in repair until the 14th day of May, A. D. 1912, when said commissioners' court for the first time, without the consent or acquiescence of the city of Llano, repudiated its authority and control over said bridges, and its duty to repair the same, and the city of Llano has never taken charge of nor assumed the control over said bridges, or either of them, nor has it ever undertaken to keep same in repair, nor has it ever in any wise interfered with the control and management thereof by said Llano county, or its commissioners' court.

"(8) Said bridges, and especially the one across the Llano river, are in such bad condition and so out of repair they are a menace to the traveling public, and now, in order to put them in good condition and render them safe for travel, require repairs to be made thereon at the cost of about $3,000. And said Llano county now has on hand available for that purpose sufficient funds with which to make such repairs, and which the said commissioners' court is authorized and empowered by law to expend for that purpose, provided it is the legal duty of said commissioners' court to make such repairs. And, after such repairs are made and said bridge put in good condition, it will cost thereafter about $1,000 per annum to keep them in such repair.

"(9) On said 14th day of May, A. D. 1912, said bridges being then in need of the repairs above mentioned, at least nine-tenths of which in cost was needed on said bridge across the Llano river, and is still needed, said commissioners' court attempted to abandon the authority and control of said Llano county and its said commissioners' court over said bridges, and repudiated all liability for the repairs thereof, and attempted to throw the responsibility of making such repairs on the plaintiff, as shown by an order passed by said commissioners' court on said last-named date, a true copy of which, marked 'Exhibit A,' is attached to plaintiff's petition, and is here referred to and made a part hereof.

"(10) After such repudiation by said commissioners' court mentioned in the preceding paragraph hereof, on the 31st day of May, A. D. 1912, plaintiff made due and legal demand on said commissioners' court that said bridges, and especially said bridge across the Llano river, be repaired by it, and put in safe condition, and then and there notified said commissioners' court of plaintiff's refusal to take charge of or resume authority and control over said bridges, and of its repudiation and denial of liability for said repairs, and its inability to make same; and defendants refused and continue to refuse to make or cause to be made said repairs on said bridges, and deny and repudiate any duty resting on them so to do.

"(11) Said commissioners' court of its own volition, and with the belief and understand-ing that it was its duty to do so, and not at the instance or request of the city of Llano, nor with the belief or expectation that same would be refunded to Llano county, expended within the last two years of the funds belonging to said Llano county, in the necessary repair of said bridges the sum of $652.-50, as set up in defendant's answer, same being the reasonable and necessary cost thereof.

"(12) The thoroughfare extending from the north extremity of Ford street across said strip of land so owned by Llano county as mentioned in paragraph third above to the south end of tne approach leading up to the south abutment of said bridge has been kept in repair by the city of Llano ever since its incorporation; but said approach, being about 100 feet in length, as well as the approach leading up to the north abutment of said bridge, being about 75 feet, in length, have at all times been kept in repair by and been under the control and management of said Llano county in the same manner as has said bridge.

"(13) The stipulation hereinabove contained that Llano county is the owner of said bridges is subject to the condition that the laws of this state do not place such ownership in the city of Llano by reason of their location within the corporate limits of said city by virtue of its act of incorporation."

Upon the facts above set out, the trial court held, as conclusions of law, as follows:

"(1) That articles 419, 420, Revised Civil Statutes of the state of Texas, give to cities duly incorporated under the laws of this state exclusive control and power over the streets and highways of a city, and that it was the duty of the said city of Llano, after the same was duly incorporated, to take control of said bridges across the Llano river within the corporate limits of said city, and repair and maintain same.

"(2) I further conclude that article 1547d, Revised Civil Statutes, as added by Acts 25 Leg. c. 147, relates to the construction of bridges within the corporate limits of cities and towns after they have been duly incorporated, and that the duty therein imposed to keep same in repair does not relate to bridges constructed and erected by commissioners' court prior to such incorporation."

The city of Llano has appealed from so much of the judgment as adjudged it to be the duty of the city to repair and maintain the bridge across the river, and denied the prayer for a writ of mandamus to compel the county to repair and maintain that bridge, as well as the other two. The rulings referred to are challenged by proper assignments of error, and present the only questions involved in the appeal.

J. H. McLean, of Llano, for appellant. James Flack and F. J. Johnson, both of Llano, and Joe P. Flack, of San Saba, for appellees.

KEY, C. J. (after stating the facts as above). [1] Aside from the statute upon which we rest our decision, counsel for appellant makes the contention that upon the facts presented it is the common-law duty of Llano county, and not of the city of Llano, to repair and maintain the bridge across the river. Without ruling upon that contention, we sustain his construction of article 2255 of the Revised Statutes of 1911, which reads as follows: "Bridges in Cities and Towns, Shall Keep in Repair. It ·shall be the duty of the commissioners' courts of counties owning bridges, situated within the corporate limits of cities and towns to keep the same in repair in the same manner as they are required by law to keep such bridges as are not so situated within the limits of a city or town; provided that this article shall not be held to affect or diminish the liability of town and city corporations for injuries caused by the defective condition of such bridges situated within the city limits." According to the plain import of this statute, giving to the words used their ordinary and usual signification, it was and is the duty of the commissioners'. court of Llano county to repair and maintain the bridge in question, if that bridge is owned by and belongs to Llano county; and it is equally clear from the agreed statement of facts that the county is the sole and exclusive owner of the bridge. But it is urged by counsel for appellees that the article of the statute referred to, which was enacted in 1897, was intended by the Legislature as an amendment to, and should be construed in connection with, the three articles immediately preceding the one quoted, which were enacted in 1895. The act of 1895, which is now incorporated in articles 2252, 2253, and 2254 of the Revised Statutes of 1911, authorizes commissioners' courts to erect bridges within the corporate limits of cities and towns, provides that such courts may co-operate with municipal authorities in the construction of such bridges, and may, upon certain conditions, issue bonds for the purpose of building or assisting in building such bridges. That act is incorporated in the Revised Statutes of 1895 as part of chapter 2 of title 32, and is designated as articles 1547a, 1547b, and 1547c. The act of 1897 (Acts 25th Leg. c. 147), the pertinent portion of which is copied above, is entitled "An act to amend chapter 2, title 32, of the Revised Civil Statutes of the state of Texas, by adding thereto an additional article, to be entitled article 1547d." The court below seems to have held (and counsel for appellees contend correctly) that, inasmuch as the act of 1897 was designated as article 1547d, it was the intention of the Legislature to limit its scope and effect to bridges constructed after a city or town had incorporated, and was not intended to apply to bridges constructed by counties prior to such incorporation. We find no sufficient reason for giving the statute such restricted construction. Title 32 of the Revised Statutes of 1895 deals with the subject of· commissioners' courts, and chapter 2 of that title is headed "Powers and Duties," and undertakes to prescribe the powers and duties of such courts; and it was that chapter, and not any particular article thereof, which the act of 1897 undertook to amend. It is true that it designated the amendment as article 1547d, but some such designation was necessary, because it would not have been proper to have designated it article 1548, as there was already such an article in the Revised Statutes. But the mere fact of such designation, even when made by the Legislature itself, affords no reason for changing or restricting the plain and unambiguous language of the new law. In fact, if the law of 1897 had been incorporated in the act of 1895, we see no reason why it should be given the narrow construction placed upon it by the trial court. But it was not so enacted, and its title does not designate it as an amendment to that act, nor to any particular article, but as an amendment to chapter 2 of title 32 of the Revised Statutes. As indicated by its heading, that chapter deals with the powers and duties of commissioners' courts; and the law enacted in 1897 was pertinent to that chapter, because it prescribed a duty to be performed by those courts. In view of the title selected for the new act, the Legislature deemed it necessary, or, at any rate, proper, to designate it as a particular article; and, inasmuch as articles 1547a, 1547b, and 1547c dealt with the powers and duties of commissioners' courts as to bridges in cities and towns, and as the law being enacted dealt with the same general subject, it was quite appropriate for it to be designated article 1547d. All numbers running from 1 to 5379 had been used in designating articles in the Revised Statutes of 1895, and therefore it was necessary to use one of the numbers in the chapter amended; and, as 1547 had already been used in dealing with a kindred subject and by the addition of the letters "a," "b," and "c," it was natural and proper to use the same number differentiated by the letter "d." But such use of that number, and that letter was for convenience only, and not for the purpose of restricting or otherwise changing the plain purport of the law then enacted.

Hence we conclude that the trial court fell into error when it held that the act of 1897 was restricted to bridges constructed by counties within the limits of cities and towns after the incorporation of such cities and towns, and not to those owned by the county before, as well as after, such incorporation.

[2] The statute referred to is not necessarily in conflict with other provisions of the Revised Statutes, which confer upon cities and towns the exclusive authority, and make it their exclusive duty, to regulate, control, repair, and maintain streets.

[3] But if it does have·the effect of shift-

ing the duty of repair and maintenance of bridges from the local and smaller municipality to the county, which is a larger subdivision of the government, we see no reason for holding that the Legislature did not have the power to so shift the performance of duties, the result of which performance would inure to the benefit of the citizenship of the entire county, as well as to those residing within the limits of cities and towns.

For the reasons stated, that portion of the judgment complained of will be reversed and the entire judgment reformed, so as to award to appellant a writ of mandamus, and all other necessary process, to compel Llano county to repair and maintain all the bridges described in appellant's petition and in the judgment of the court below.

Reversed and reformed.