**SMITH v. CATHEY, County Judge, et al.**
(No. 8452.)

(Court of Civil Appeals of Texas. Dallas. June 5, 1920. Rehearing Denied Dec. 18, 1920.)

1. Highways ⚖️105(2) — Commissioners' courts may pave road or street within city not objecting.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2241, subd. 6, commissioners' courts may pave a road or street within the limits of a city connecting with a county highway where the city does not object to the county doing so.

2. Courts ⚖️89—Opinions by Attorney General persuasive.

Holdings and opinions of the Attorney General of the state are persuasive, although not binding on the courts.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Application by R. M. Smith for a writ of injunction against B. F. Cathey, County Judge of Wood County, and others, to restrain payment of money. Judgment for defendants, and plaintiff appeals. Affirmed.

R. M. Smith, of Quitman, for appellant.
M. D. Carlock and R. B. Howell, both of Winnsboro, for appellees.

RAINEY, C. J. Appellant filed an application for a writ of injunction against the commissioners of Wood county, seeking to restrain said commissioners' court from paying out of the Wood county fund a certain sum for connecting a certain piece of the Jim Hogg highway in the town of Winnsboro, incorporated, within said county. The writ was denied, and the judge set the motion down for hearing at the next term of court in said county, and this appeal was taken.

The petition alleged, among other things, as follows:

"That relator is a citizen and taxpayer of Wood county; that respondents, the county judge and county commissioners of Wood county, composing the commissioners' court of said county, on the 24th day of February, 1920, made and entered into a contract with one O. L. Crigler for paving with concrete a portion of Main street in the city of Winnsboro; that said city is, and was at that time, a duly incorporated municipality, situated partly in Wood and partly in Franklin county; that said contract is signed by Wood county, party of the first part, by B. F. Cathey, county judge, and each of the four county commissioners of Wood county, and by O. L. Crigler, party of the second part; that said contract provides for the paving with concrete by said Crigler a portion of Main street in the city of Winnsboro, the pavement to be 20 feet wide through the center of said Main street and approximately 840 feet in length; that Wood county will pay the said Crigler the contract price of $6,389.78 for said paving, in monthly payments as the work progresses, with a provision for payment by the county at actual cost plus 15 per cent. for 'any work in connection with said paving which may be ordered by the engineer, and which is not covered by the unit prices'; that the said purported contract is recognized by the Wood county commissioners' court as a binding, subsisting, and valid obligation of said commissioners' court and of Wood county commissioners' court of Wood county, and that, unless restrained, the said commissioners' court will pay to the said Crigler large sums of money belonging to the road and bridge fund or other funds of said

Wood county, contrary to law; that said purported contract is void and unenforceable, as being beyond the power of jurisdiction of said commissioners' court to make or enter into any contract for paving Main street in the city of Winnsboro; that relator, as a citizen and taxpayer of Wood county, is interested in the disposition to be made of the county's funds, including the proceeds of the sale of bonds voted for the construction of permanent public roads; that, unless enjoined and restrained, the said commissioners' court will pay out funds belonging to the county for paving Main street in the incorporated city of Winnsboro, and that said funds will be lost to the taxpayers and citizens of said county; that thereby the county, the taxpayers, and the relator in particular, will suffer great and irreparable injury; and that relator is without any adequate remedy at law. Wherefore he prays that a temporary injunction be granted, etc.

"The respondents answered 'only for the purpose of resisting plaintiff's (relator's) prayer for temporary injunction,' by general demurrer, nine special exceptions, a general denial, and to the merits substantially as follows: That Main street in the city of Winnsboro is part of a state highway, designated by the state highway commission as highway No. 37; that as such part of said highway the said Main street may be under the law graded and made a permanent roadbed through said city; that the commissioners' court of Wood county should expend money for that purpose, and that in doing so they would be acting within the scope of their authority; that the city of Winnsboro has a population of 2,000 or 3,000 inhabitants, who pay taxes to the state and county on nearly $2,000,000 of taxable values; that there are a large number of automobiles there on which the owners pay a large part of the license tax collected in Wood county; that there are some 10 or 12 public roads leading out of said city, among them one to Mt. Vernon, in Franklin county, and one to Quitman, the county seat of Wood county; that the state highway, to be known as the 'Jim Hogg highway,' will probably be from Galveston on the south to the state line on the north; that said highway between Mt. Vernon and Quitman should be made of such surface as will bear the traffic over it; that especially the 840 feet of Main street contracted to be paved with concrete is burdened with a heavy traffic, being in the midst of the business part of Winnsboro; that, in the exercise of their discretion, the commissioners' court acted for the best interest of the public in making the contract for concrete paving; that no part of the highway in Wood county will be used more, if as much, as this part of same.

"To this relator replied in supplementary petition, demurring to the answer as wholly insufficient in law and as showing no defense whatever to relator's petition, general denial, etc."

The judge stated that he would dispose of the demurrers and exceptions in his final order, after hearing the evidence, whereupon relator and counsel for respondents had entered in the record the following agreement as to facts, as found in appellant's brief:

"That Wood county had voted a million and a quarter dollars of bonds for the purpose of improving the public roads of said county; that the bonds had been sold and the proceeds collected; that before the bond issue was voted the commissioners' court of Wood county issued a map of the county designating and showing the roads to be improved; that there was printed on said map the following statement: 'We agree to build the system of roads designated on the above map, provided the right of way is furnished without expense to the county'—and that said map and statement were signed by the county judge and county commissioners of Wood county in their official capacities; that the Jim Hogg highway, designated by the state highway commission, was to begin on Red river, passing through Franklin and Wood counties, via Winnsboro, Quitman, and Mineola, and on south to the Gulf; that an appropriation had been made for part of this highway and used on same south of Quitman (the testimony of County Judge Cathey shows, however, that this appropriation of state funds had been made to a shoe string district including the town of Quitman and the city of Mineola, prior to the county bond issue); respondents agree to the contract as set out in relator's petition; that Winnsboro is an incorporated town or city of 2,000 or 3,000 population; that Main is the principal business street of the city, running north and south through the city, and that the 840 feet of concrete pavement contracted for by the commissioners' court will begin about 800 yards north of the south boundary line of the corporation and end at a point about 400 yards south of the Franklin county line, on Main street; that relator is a resident citizen and taxpayer of Wood county; and that his road tax is about $80 per year. Counsel for the respondent stated that 'it is agreed that said map designates the different public roads of the county, and that part of this road in controversy herein was a part of the public roads designated on the map to be built,' but the relator contradicted this by stating that he did not agree that Main street in the city of Winnsboro was any part of the public roads of Wood county, and that he did not agree that said Main street was any part of the system of roads agreed to be built. These contradictory statements of counsel are out of place in the record, and escaped the attention of relator when he signed the statement of facts."

The contention of appellant is:

"That the commissioners' courts are courts of limited jurisdiction, and their powers and duties are limited to county business exclusively."

[1] Vernon's Sayles' Texas Civil Statutes 1914, art. 2241, subds. 1 and 6, provide, among other things, as follows:

(1) "To lay off their respective counties into precincts, not less than four, nor more than eight, for the election of justices of the peace and constables, and shall fix the times and places of holding the various justices courts in their counties, and shall establish places in such precincts where elections shall be held; also shall establish justices precincts and jus-

tices courts for unorganized counties as provided by law."

(6) "To exercise general control and superintendence over all roads, highways, ferries and bridges in their counties."

By subdivision 6 is given power to exercise control and superintendence over all roads and highways in the counties. This is subject to the powers usually granted to cities and towns over streets, etc., within its limits, when it chooses to take jurisdiction and the city or town sees proper to exercise such powers. But where the city or town does not deem it proper to exercise such jurisdiction, and does not object to the county keeping up such road or street, the county has the right to do so.

From the organization of this state the commissioners' courts of the different counties have been given control and jurisdiction over roads and highways, and this has been restricted by the law in respect to incorporated cities and towns, which is still respected in those cases. In this case the town council makes no objection to the county taking this part of the highway under its control. When matters of this kind came before the court in a case reported in 18 Tex. 874, State v. Jones, the question of jurisdiction of the commissioners' court over roads and highways is first reported. In deciding that case the Supreme Court was content to adopt the opinion of the lower court, which says:

"The county court does, it is true, possess a general jurisdiction, coextensive with the limits of the county, to lay out and establish public roads and highways, but, as that jurisdiction is conferred by a general law which is applicable to every county in the state, it is at all times subject to be changed or modified by special laws, acting upon the same subject in particular counties, or special localities," etc. "It has been said in argument that, if the law incorporating the town takes away from the county court the power to lay out and regulate roads within the town limits, and the council do not choose to exercise the power conferred upon it to lay out streets and highways, then the people of the county will be subjected to the inconvenience of having no road for travel or the transportation of their commerce through the town tract," etc. "Such a consequence, in my judgment, by no means follows. Until the town council acts under the authority conferred by its charter, the general authority of the county court over the subject-matter continues to exist, and may be exercised. It is only when both bodies attempt to act in opposition to and in conflict with each other that the power and authority of one must cease and yield to that of the other, and in such a state of things I am of the opinion that the authority of the county court must yield to that of the town council."

Under the law, when the city council has taken charge of the roads, streets, and alleys thereof, and keeps them in repair for the benefit of its inhabitants, the county commissioners have no right to interfere with the council's jurisdiction, but in this case the city council has apparently failed to assume jurisdiction of this part of the highway, and, as we assume, has allowed the county commissioners to enter upon and take control without at least showing a disposition to oppose control by the county commissioners, which is apparently for the best interest of the citizens and with the consent of the town council.

The Legislature in changing the highway and road laws did so for their betterment, but the general policy from the beginning, that the county commissioners should have general control over the roads, still remains.

The proper authorities established the Jim Hogg highway along a thoroughfare in Winnsboro, and it was the duty of said commissioners to keep that portion in connection with the other parts of said highway, and it has jurisdiction in this instance.

[2] The bonds voted for this enterprise were placed in the county commissioners' hands for disposition, and it was legal for them to contract for the expenditure of said funds in the way they were so used. On several occasions the Attorney General of Texas in the course of his duty had occasion to pass upon such acts, and has declared the commissioners' court had the right to so expend such bonds, so said holding is persuasive, though not binding, and we so rule. Article 2241, Vernon's Sayles' Tex. Civ. Stats. 1914; State v. Jones, 18 Tex. 874; City of Llano v. Wilbern, Co. Judge, 152 S. W. 477; Bluitt v. State, 56 Tex. Cr. R. 525, 121 S. W. 171; Williams v. Carroll, 182 S. W. 29; City of Texarkana v. Telegraph Co., 48 Tex. Civ. App. 16, 106 S. W. 915; Aransas Co. v. Coleman-Fulton Pasture Co., 108 Tex. 216, 191 S. W. 553; Texarkana v. Edwards, 76 Ark. 22, 88 S. W. 862; State v. H. & T. C. Ry. Co., 209 S. W. 820; H. & T. C. Ry. Co. v. State, 95 Tex. 532, 68 S. W. 777.

The county commissioners of Wood county, who had the control and supervision of roads and highways of said county, were apparently acting for the good of the public in this matter, and, it so appearing to us, we affirm the judgment of the lower court.

Affirmed.