

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 26, 1957

Honorable Hubert W. Green, Jr.        Opinion No. WW-240
Criminal District Attorney
Bexar County                         Re:  Authority of Bexar
San Antonio 5, Texas                      County to pay the City
                                          of San Antonio costs of
                                          acquiring rights-of-way
                                          under the facts submit-
Dear Mr. Green:                           ted.

        You have requested an opinion on the following ques-
tion:

        "Can the Commissioners Court legally author-
    ize the payment of this claim of the City of San
    Antonio, and can the County Auditor legally issue
    voucher warrant in payment of such claim?"

        The facts on which this question is based, according
to your request, are substantially as follows.  The Commission-
ers' Court of Bexar County on July 9, 1952, entered into an
agreement with the Highway Department whereby the Commission-
ers' Court of Bexar County agreed to obtain certain rights-of-
way for the construction of a State Highway under the provisions
of Article 6674-n, Revised Civil Statutes of Texas, 1925, as
amended.  Prior to the acquisition of the property in question
and on September 25, 1952, the City of San Antonio annexed the
territory wherein the property is located.  Thereafter, the
County of Bexar and the City of San Antonio entered into an
agreement whereby the City of San Antonio would acquire such
property and the Commissioners' Court of Bexar County agreed to
compensate the City of San Antonio for its services up to the
sum of $35,000.00, which had been set aside by the County for that
purpose.  The City of San Antonio acquired the property in ques-
tion and has now filed a claim with the Commissioners' Court for
the sum of $33,500.00.  The City of San Antonio acquired the
property by condemnation proceedings and had to pay in excess
of the sum of $33,500.00 for its acquisition.

        Section 52 of Article III of the Constitution of Texas
authorizes counties and political subdivisions to issue bonds
for the purpose of construction, maintenance and operation of
macadamized, gravelled or paved roads and turnpikes, or in aid
thereof.  In construing this provision of the Constitution it

was held in <u>City of Breckenridge v. Stephens County</u>, 120 Tex. 318; 40 S.W.2d 43 (1931) that the Commissioners' Court has authority to expend county road bond funds for the improvement of city streets where such city streets form integral parts of county roads or State Highways, when such improvements are made without conflicting with the jurisdiction of the municipality or with its consent or approval.  See also <u>Hughes v. Harris County</u>, 35 S.W.2d 818 (Tex.Civ.App. 1931).  A similar question to that presented in your request was involved in the <u>City of Breckenridge</u> case, <u>supra</u>.  In that case the City of Breckenridge sought to recover on a contract with Stephens County wherein the county agreed to pay a part of the costs of improving one of the streets of the city and the street in question was a connecting link and an integral part of a county road and State Highway; and in that case the Supreme Court held:

> "From what we have said it is evident that we hold that under the Constitution and laws of this state the county in the instant case had the right to make the improvement in question here.  Of course, if the county had the right to make the improvement, it had the right to make the contract so to do. . . ."

Since the acquisition of the right-of-way in question was for a State Highway, it is apparent that it forms "integral parts of county roads or state highways" and you are therefore advised that the county is authorized to pay the claim in question under the facts submitted, and that it is the duty of the County Auditor to countersign the warrant for the payment of the claim.

### SUMMARY

The County has the authority to expend County Road Bond Funds for the payment to a city for the acquisition of rights-of-way for the county within the corporate limits of incorporated cities or towns where the property in question forms integral parts of county roads or state highways.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:wb

Honorable Hubert W. Green, Jr., page 3   (WW-240)


APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Mary Kate Wall
W. R. Hemphill
Roger Daily

REVIEWED FOR THE ATTORNEY GENERAL

BY:      Geo. P. Blackburn