

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 18, 1958

Honorable Joe Resweber
County Attorney
Harris County
County Courthouse
Houston 2, Texas

Opinion No. WW-377

Re: Authority of a county to
enter into an agreement
with an incorporated city
for the payment by the
county of awards and judg-
ments in condemnation suits
instituted by the city for
the acquisition of right-
of-way for public roads;
and the authority for the
expenditure of county road
bond funds for the con-
struction of public roads
within said city.

Dear Mr. Resweber:

You have recently requested the opinion of this office
in answer to the following questions concerning the proposed
extension of an existing county road of Harris County into an
incorporated city to connect with another county road running
through the city:

"1. May the County enter into
an agreement with the City by which con-
demnation suits to acquire the necessary
right-of-way are brought in the name of
the city and the amount of the condemna-
tion award or judgment is to be paid by
the County?

"2. Assuming that the County
or City has acquired title to the right-
of-way necessary for such an extension,
may the County expend county road bond
funds for the construction of the road?"

In Attorney General's Opinion V-971 (1949) it was
stated:

"While it has been the long
established opinion of this department

that a county may purchase, with
the consent of a city, the right-of-
way for a highway through an incorpo-
rated city, nevertheless the city and
county are separate and distinct juris-
dictions insofar as they relate to high-
way matters, having separate and distinct
powers and privileges; and the indebted-
ness of one is not the indebtedness of
the other. Title to property condemned
by a city or an easement is in the name
of the city, whereas rights-of-way pur-
chased by a county for highway purposes
are vested in the State of Texas.

" . . .

"A Commissioners' Court of
a county may expend county road bond
funds in the improvement of city streets
forming a part of the county road system
or a connecting link in a state highway
with the consent of the city and may
purchase lands for rights-of-way if the
city consents and approves. Hughes v.
County Commissioners' Court of Harris
County, 35 S.W.2d 818 (Tex. Civ. App.
1931); City of Breckenridge v. Stephens
County, 120 Tex. 318, 40 S.W.2d 43 (1931);
AG Opinion O-7465, dated November 8, 1946.

"Inasmuch as a county may not
condemn land within an incorporated city,
a county may not pay the condemnation
award for a city on property obtained by
the city by condemnation for rights-of-
way purposes. Such payment would be in
violation of the Constitution. Tex.
Const., Art. III, Secs. 51 and 52; Benat
v. Dallas County, 266 S.W. 540 (Tex. Civ.
App. 1924, error ref.); Adams v. Rockwall
County, 280 S.W. 759 (Tex. Comm. App. 1926)."

House Bill 77, Acts of the 54th Legislature, 1955,
Chapter 423, page 1128, codified in Vernon's as Article 6674-n,
Vernon's Civil Statutes, authorized the county to condemn
rights-of-way in the name of the State in an incorporated city.

In Attorney General's Opinion WW-240 (1957) it was
held that a county has the authority to expend county road
bond funds for the payment to the city for the acquisition of
rights-of-way for the county within the corporate limits of an

incorporated city where the property in question forms integral parts of county roads or State Highways under the facts submitted as follows:

> "The Commissioners' Court of
> Bexar County on July 9, 1952, entered into
> an agreement with the Highway Department
> whereby the Commissioners' Court of Bexar
> County agreed to obtain certain rights-of-
> way for the construction of a State Highway
> under the provisions of Article 6674-n,
> Revised Civil Statutes of Texas, 1925, as
> amended. Prior to the acquisition of the
> property in question and on September 25,
> 1952, the City of San Antonio annexed the
> territory wherein the property is located.
> Thereafter, the County of Bexar and the City
> of San Antonio entered into an agreement
> whereby the City of San Antonio would acquire
> such property and the Commissioners' Court of
> Bexar County agreed to compensate the City of
> San Antonio for its services up to the sum of
> $35,000.00, which had been set aside by the
> County for that purpose. The City of San
> Antonio acquired the property in question and
> has now filed a claim with the Commissioners'
> Court for the sum of $33,500.00. The City
> of San Antonio acquired the property by con-
> demnation proceedings and had to pay in excess
> of the sum of $33,500.00 for its acquisition."

Under the facts submitted in Attorney General's Opinion No. WW-240, the County agreed to reimburse the City for the City's expenses incurred in the acquisition of certain property and agreed to pay the City not to exceed a sum certain. Under the facts submitted in this request, however, the County will agree to pay the judgment entered in condemnation suits against the City. The City will condemn the rights-of-way, and the judgment entered in such suits will be against the City, rather than the County. It is pointed out in Attorney General's Opinion V-971 that the indebtedness of a city and a judgment against the city cannot legally be paid by the county. Therefore, you are advised that the County may not enter into an agreement with the City by which condemnation suits to acquire the necessary rights-of-way are brought in the name of the City, and the amount of condemnation award or judgment be paid by the County.

Assuming that the title to the right-of-way has been acquired by the County in the name of the State, county road bond funds for the construction of the road may be used. See Attorney General's Opinion V-971.

## SUMMARY

A judgment for the amount of
the condemnation award against
a city in condemnation suits
brought in the name of the city
cannot be paid by a county, since
such a judgment would constitute
an indebtedness of the city, and
the county is not liable for the
indebtedness of the city.  How-
ever, assuming that the title to
the right-of-way has been ac-
quired by the county in the name
of the State, county road bond
funds for the construction of
the road may be used.

Yours very truly,

WILL WILSON
Attorney General of Texas


By John Reeves
John Reeves
Assistant

JR:jl:wam

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Cecil C. Rotsch
J. Mark McLaughlin
J. Milton Richardson
John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert