

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 18, 1960

Mr. Ed H. McLaran
County Attorney
Madison County
Madisonville, Texas

Opinion No. WW-962

Re: Whether the Commissioners'
Court has the authority un-
der Article 6711, Vernon's
Civil Statutes, to entertain
jurisdiction on the appli-
cation of two taxpaying citi-
zens for the establishment of
a road over the land of an-
other to the county road sys-
tem.

Dear Mr. McLaran:

We are in receipt of your request for an opinion from this office concerning the following question:

> "Would the commissioners' court of said county have authority under Art. 6711, V.C.S. of Texas, to entertain jurisdiction on the application of two of its taxpaying citizens for the establishment of a road or passageway over the land of another to the county road system?"

In your letter, you provided us with these additional facts. The property in question is two lots located within the incorporated limits of the City of Madisonville. Two fences were built by an adjoining land owner which complete-ly blocked the passageway to their properties and they filed a petition with the Commissioners' Court demanding a passage-way over the land of the person who built the fences. The city acquiesced to the county any authority it had in the sub-ject matter.

Article 6711 of Vernon's Civil Statutes states in part as follows:

> "Any lines between different persons or owners of lands, any section line, or any practicable route, practicable route as used herein, shall mean a route which will not un-duly inconvenience the owners or persons

occupying the land through which such route
shall be declared, that the Commissioners
Court may agree on in order to avoid hills,
mountains or streams through any and all en-
closures, shall be declared a public highway
on the following conditions:

"1. One or more freeholders, or owners
of lands, persons, firms or corporations, into
whose lands there is now no public road or
public means of access, who desires an access
road connecting his said land with the county
public road system, may make a sworn applica-
tion to the Commissioners Court for an order
establishing such road, designating the lines
sought to be opened, and the names and resi-
dences of the person or persons affected by
such proposed access road, and stating the
facts which show a necessity therefor. (Em-
phasis added)

". . .

"4. The damages to such landowners shall
be assessed by a jury of freeholders, as for
other public roads, and all costs attending the
proceedings in opening said road shall be paid
by the County, and the Commissioners Court shall
not be required to keep such road worked by the
road hands as in the case of other public roads,
but shall place said roads in the first instance
in condition for use as access public roads. Acts
1884, 1st C.S., p. 20; G.L. vol. 9, p. 553; Acts
1930, 41st Leg., 5th C.S., p. 207, ch. 62, § 1;
Acts 1953, 53rd Leg., p. 1054, ch. 438, § 1."

The Texas courts have repeatedly held that the Commis-
sioners' Court is a court of limited jurisdiction and has
only such powers as are conferred upon it by statutes and
Constitution of this State, either by expressed terms or
by necessary implication. Section 18 of Article V of the
Texas Constitution, Von Rosenberg v. Lovett, 173 S.W. 508;
Galveston H. & S.A. Ry. Co. v. Uvalde County, 167 S.W. 2d
1084; 11 Tex. Jur. 564.

As a general proposition of law, it is settled that
the control and jurisdiction over streets of a municipality
are exclusive in that city or town. However, the courts

have held that the county has the right to expend funds in the improvement of streets within the corporate limits of a city when such streets form a part of the county road system, or a connecting link in State highways, when done with the consent of the city. City of Breckenridge v. Stephens County, 120 Tex. 318, 40 S.W. 2d 43 (1931); Hughes v. County Commissioners' Court of Harris County, 35 S.W. 2d 818 (Tex. Civ. App. 1931); Attorney General's Opinion V-261, dated June 23, 1947; Attorney General's Opinion 0-4256, dated December 12, 1941;  Attorney General's Opinion V-971, dated December 16, 1949.

The question now is whether the Legislature has conferred upon the Commissioners' Court the authority to establish a county road within a municipality so as to provide a road for property owners who have been cut off access to a street within that municipality and to expend county money for the building of such a road and for its maintenance.

Paragraph 1 of Article 6711 of Vernon's Civil Statutes provides in part that:

"One or more freeholders, or owners of lands, . . . into whose lands there is now no public road or public means or access, who desires an access road connecting his said land with the county public road system,. . ." (Emphasis added).

It is our opinion that persons who do not have an access to their property and seek to come within the provisions of Article 6711, must be in a position to establish clearly that such road will connect to the "county public system" and form a part of the county road system or a connecting link in State highways.

House Bill 77 of the 54th Legislature, which was codified by Vernon's Civil Statutes as Article 6674n, provides that the State Highway Commission as well as the County Commissioners' Court have the authority and the power to exercise the right of eminent domain within the boundaries of a municipality with the prior consent of the governing body of such municipality and provides that the county in which the State highway is to be located may pay for same out of the County Road and Bridge Fund, or any available county fund.

House Bill 670 of the 56th Legislature, which was codified by Vernon's Civil Statutes as Article 6674n-2, provides in part as follows:

"Section 1. The right of eminent domain within the boundaries of a municipality with prior consent of the governing body of such municipality is hereby conferred upon counties of the State of Texas for the purpose of condemning and acquiring land, right of way or easement in land, private or public, except property used for cemetery purposes, where said land, right of way or easement is, in the judgment of the Commissioners Court of such county, necessary or convenient to any road which forms or will form a connecting link in the county road system or a connecting link in a State Highway. . . ."

It is assumed from your letter that the City of Madisonville would give its consent to the Commissioners' Court should they seek it.

This office held in Attorney General's Opinion WW-872, dated June 29th, 1960, in part as follows:

"The quoted sections of Article 6711 clearly indicate the intent of the Legislature in adopting amendments to the statute. The statute as amended is to remedy the situation existing when land owned by a person or corporation is so surrounded by other land owned by other persons or corporations that it may not be reached without crossing private property. This statute authorizes the connection of such isolated land with the county road system." (Emphasis added).

In answering the question as to whether Article 6711 is mandatory or directory, we held in this same opinion that:

"It would be inaccurate to describe the statute, in its entirety, as being either 'mandatory' or 'directory.' The statute lists certain procedures which must be followed, and directs some actions of the county commissioners. However, the order which may be issued by the Commissioners' Court after hearing the evidence is subject to the discretion of the court."

It is our opinion that your Commissioners' Court has been given the authority to entertain jurisdiction of this application, if the provisions of the statute have been complied with and if such road will connect with the county

public road system. Further, it is our opinion that the Commissioners' Court has the right of eminent domain to acquire this property within the boundaries of this municipality where prior consent of the governing body of such municipality is so conferred on the county.

## SUMMARY

The Commissioners' Court has the authority under Article 6711 and Article 6674n-2, Vernon's Civil Statutes, to entertain jurisdiction of an application of two landowners for the establishment of a public road over the land of another to the county public road system.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Leon F. Pesek
Assistant

LFP:mm:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. Ray Scruggs
Linward Shivers
Martha Joe Stroud
Joe B. McMaster

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore