

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 21, 1970

Honorable John Lawhon
County and District Attorney
Denton County Courthouse
Denton, Texas

Dear Mr. Lawhon:

Opinion No. M-561

Re: Obligation and authority
of County Commissioner
for city streets within
incorporated city in county.

Recently you have requested an opinion from this office.
We quote from your request as follows:

"One of our county commissioners has requested
that the following questions be submitted to you for
your opinion.

"la. Does a county commissioner have the
obligation to furnish culverts for use on the city
streets of Ponder, an incorporated city in his pre-
cinct which does not levy city taxes? b. Should
the Commissioner make a charge for the culverts?

"2. The city council of the city of Ponder,
Texas has been authorizing contractors to dig up
city streets to lay water lines for the community
water system, while at the same time expecting the
county commissioner to keep up the city streets.
Under these circumstances, who has authority to
give such permission to dig up these streets?"

In regard to roads within a particular county, the Com-
missioners Court acts pursuant to Section 3 of Article 2351, Ver-
non's Civil Statutes, or Articles 6762, et seq, Vernon's Civil
Statutes, or some local road statute applicable to a specific
county. We were unable to find a specific road law applicable to
Denton County and therefore this opinion is predicated on the
proposition that none exists.

From the above Articles dealing with the general road
authority of the County, it is clear that where there are incor-
porated cities within a given county the streets within the city

are generally subject to city control. The Commissioners Court, by virtue of Article 6703, Vernon's Civil Statutes, is specifically authorized to act in certain circumstances. Article 6703 is quoted as follows:

"The commissioners court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road whenever it shall be deemed expedient. No public roads shall be altered or changed except to shorten the distance from end to end, unless the court upon a full investigation of the proposed change finds that the public interest will be better served by making the change; and said change shall be by unanimous consent of all the commissioners elected. No part of a public road shall be discontinued until a new road is first built connecting the parts not discontinued; and no entire first or second class road shall be discontinued except upon vacation or non-use for a period of three years. Said court shall assume and have control of the streets and alleys in all cities and incorporated towns in Texas which have no defacto, municipal government in the active discharge of their official duties." (Emphasis added.)

A de facto government would mean a government in fact operating with or without good faith, but a government which for some reason is not legal or "de jure". Black's Law Dictionary, (Fourth Ed., 1951) page 479.

For purposes of this opinion we will assume that the City of Ponder has at least a de facto government, and therefore the underlined language of Article 6703 is not applicable.

When faced with the question of whether a county may pave or improve, etc. a street within an incorporated city, the courts hold that the county may do such work only if the city consents to it, and provided the street involved forms a connecting link in the county road or state highway system.

In the case of Smith v. Cathey, 226 S.W. 158 (Tex.Civ. App. 1920, no writ) the court held the county may pave a road within a city if the city does not object. At page 160 the court stated:

"From the organization of this state the Commissioners' courts of the different counties have been given control and jurisdiction over roads and highways, and this has been restricted by the law in respect to incorporated cities and towns, which is still respected in those cases. In this case the town council makes no objection to the county taking this part of the highway under its control. When matters of this kind came before the court in a case reported in 18 Tex. 874, State v. Jones, the question of jurisdiction of the commissioners' court over roads and highways is first reported. In deciding that case the Supreme Court was content to adopt the opinion of the lower court, which says:

'The county court does, it is true, possess a general jurisdiction, coextensive with the limits of the county, to lay out and establish public roads and highways, but, as that jurisdiction is conferred by a general law which is applicable to every county in the state, it is at all times subject to be changed or modified by special laws, acting upon the same subject in particular counties, or special localities,' etc. 'It has been said in argument that, if the law incorporating the town takes away from the county court the power to lay out and regulate roads within the town limits, the council do not choose to exercise the power conferred upon it to lay out streets and highways, then the people of the county will be subjected to the inconvenience of having no road for travel or the transportation of their commerce through the town tract,' etc. 'Such a consequence, in my judgment, by no means follows. Until the town council acts under the authority conferred by its charter, the general authority of the county court over the subject matter continues to exist, and may be exercised. It is only when both bodies attempt to act in opposition to and in conflict with each other that the power and authority of one must cease and yield to that of the other, and in such a state of things I am of the opinion that the authority of the county court must yield to that of the town council."

Subsequent to the Smith v. Cathey case, supra, the Texas Supreme Court in City of Breckenridge v. Stephens County, 120 Tex. 318, 40 S.W.2d 43, (1931) concluded: (Pages 43-44)

"After a careful investigation of the authorities, including the Constitution and laws of this State, we have reached the conclusion that the Commissioners' Court does have lawful authority to expend county road bond funds for the improvement of city streets where such streets form integral parts of county roads or state highways, when such improvements are made without conflicting with the jurisdiction of the municipality, or with its consent or approval. . . ." (Emphasis added.)

In addition to the above cases you are referred to Hughes v. County Comm. Court of Harris County, 35 S.W.2d 818 (Tex.Civ.App. 1931, no writ); Edwards v. Dallas County, 232 S.W.2d 262 (Tex.Civ.App., 1950, no writ); and Harrison County v. City of Marshall, 253 S.W.2d 67 (Tex.Civ.App. 1952, error ref. n.r.e.); Attorney General's Opinion No. 0-7465 (1946).

Based upon an analysis of the above statutes and cases, it is our opinion that the Commissioner in question may act in improving a city street of Ponder with consent (express or implied) of the city council, provided such street is a link in the county or state road system, City of Breckenridge v. Stephens County, supra. If such consent is given, then the Commissioner may exercise the same jurisdiction over such city street as he does over any county road, and a county commissioner then has no authority to charge for such work or material furnished, and by the same token would have the discretion whether or not to perform such work.

In regard to your second question, it is our opinion that the city would clearly be authorized to permit a contractor to install the city's water system, and if necessary dig up the city streets without permission from the county commissioner, Harrison County v. City of Marshall, supra.

## S U M M A R Y

The County Commissioners have the discretionary authority to maintain a street, which is an integral part of a county or state road system, within an incorporated city, provided the city has expressly or impliedly consented to such work.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Malcolm Quick
Tom Bullington
Jo Betsy Lewallen
Camm Lary

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant