

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 9, 2007

The Honorable Mike Jackson
Chair, Committee on Nominations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0576

Re: Whether under article III, section 52(b) and (c) of the Texas Constitution a county may use road bond funds to construct, maintain, or operate a municipal street that connects on only one end with a county road or state highway   (RQ-0598-GA)

Dear Senator Jackson:

On behalf of Galveston County, you ask whether under article III, section 52(b) and (c) of the Texas Constitution a county may use road bond funds to construct, maintain, or operate a municipal street that connects on only one end with a county road or state highway, in light of *City of Breckenridge v. Stephens County* and Attorney General Opinion No. JC-0036.[1] *See City of Breckenridge v. Stephens County*, 40 S.W.2d 43 (Tex. 1931); Tex. Att'y Gen. Op. No. JC-0036 (1999).

Article III, section 52(b) and (c) authorizes a county's use of bond funds to construct, maintain, or operate roads:

> (b)  Under Legislative provision, any county . . . , upon a vote of two-thirds majority of the voting qualified voters of [the county], may issue bonds or otherwise lend its credit in any amount not to exceed one-fourth of the assessed valuation of the real property of [the county], . . . and levy and collect taxes to pay the interest thereon and provide a sinking fund for the redemption thereof, as the Legislature may authorize, and in such manner as it may authorize the same, for the following purpose[] . . . :
>
> . . . .
>
> (3)  The construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof.

---

[1]*See* Letter from Honorable Mike Jackson, Chair, Committee on Nominations, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (June 29, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> (c)   Notwithstanding the provisions of Subsection (b) . . . , bonds may be issued by any county in an amount not to exceed one-fourth of the assessed valuation of the real property in the county, for the construction, maintenance, and operation of macadamized, graveled, or paved roads and turnpikes, or in aid thereof, upon a vote of a majority of the voting qualified voters of the county, and without the necessity of further or amendatory legislation. The county may levy and collect taxes to pay the interest on the bonds as it becomes due and to provide a sinking fund for redemption of the bonds.

TEX. CONST. art. III, § 52(b)–(c).

Though article III, section 52(b) and (c) does not expressly limit the use of road bond funds to county roads, the Texas Supreme Court in 1931 concluded that a county may under article III, section 52(b) and (c) "expend county road bond funds" to improve municipal streets only "where such streets form integral parts of county roads or state highways," provided that the municipality consents to the improvements. *City of Breckenridge*, 40 S.W.2d at 43–44. In that case, *City of Breckenridge*, the court concluded that Stephens County had the right to improve a municipal street that "was a connecting link and integral part of a county road and state highway." *Id.* at 43, 45. Attorney General Opinion JC-0036 read *City of Breckenridge* to state that "proceeds of bonds issued or taxes levied pursuant to article III, section 52(b) or (c) may . . . be used" only for county roads. Tex. Att'y Gen. Op. No. JC-0036 (1999) at 10–11. Under JC-0036, only municipal streets that are integral parts of or connecting links in a county road or state highway are county roads for purposes of *City of Breckenridge*.[2] *See id.* at 9.

Your question concerns Galveston County, which is contemplating using road bonds issued under article III, section 52(b) and (c) "to construct improvements on various" streets "located within the cities of Tiki Island, Bayou Vista, Clear Lake Shores[,] and Jamaica Beach."[3] By the word "improvements," we understand you to refer to the construction, maintenance, or operation of the

---

[2]Transportation Code section 251.012(a)(4) authorizes a county to spend county money to finance any construction, improvement, maintenance, or repair of a municipal street authorized under section 791.032 of the Government Code "if the commissioners court finds that the county will receive benefits as a result of the work." TEX. TRANSP. CODE ANN. § 251.012(a)(4) (Vernon Supp. 2006). Section 791.032, Government Code, allows a local government, including a county, to enter an interlocal contract with a municipality to finance work on municipal streets or alleys, "including portions of the municipality's streets or alleys that are not an integral part of or a connecting link to other roads or highways." TEX. GOV'T CODE ANN. § 791.032 (Vernon 2004); *see also id.* § 791.003(4)(A) (Vernon Supp. 2006) (defining the term "local government" to include a county). Although Transportation Code section 251.012 and Government Code section 791.032 were added in 1999 in response to certain "attorney general opinions[] citing supreme court precedents," the statutes cannot overcome the constitutional requirements imposed upon the use of road bond funds under article III, section 52(b) and (c). House Comm. on Urban Affairs, Bill Analysis, Tex. H.B. 508, 76th Leg., R.S. (1999); *see Southland Life Ins. Co. v. Barrett*, 172 S.W.2d 997, 1000 (Tex. Civ. App.—Fort Worth 1943, writ ref'd w.o.m.) (stating that nothing in a certain statute could be relied upon to overcome the constitution).

[3]Letter from Honorable James D. Yarbrough, Galveston County Judge, to Honorable Mike Jackson, Chair, Committee on Nominations, Texas State Senate (June 20, 2007) (attached to Request Letter) [hereinafter Yarbrough Letter].

streets. Galveston County is particularly concerned about using road bond funds to construct, maintain, or operate several roads that are connected to county roads or state highways on one end only. *See* Yarbrough Letter, *supra* note 3, at 1–3. It asks whether *City of Breckenridge* and Attorney General Opinion JC-0036 require that "the street must both begin and end at a county road and/or a state highway" or that "only one end of the city street must begin at a county road or a state highway regardless of where it ends." *Id.* at 3.

Under *City of Breckenridge* and JC-0036, a county may use funds from road bonds issued under article III, section 52(b) and (c) to construct, maintain, or operate a municipal street that is a connecting link in or an integral part of a county road or state highway. *See City of Breckenridge*, 40 S.W.2d at 43–44; Tex. Att'y Gen. Op. No. JC-0036 (1999) at 9. A street that is not a connecting link in a county road or state highway may be an integral part of a county road or state highway. A street is an integral part of a county road or state highway if the street is necessary to complete or essential to the county road or state highway. *See* THE NEW OXFORD AMERICAN DICTIONARY 881 (2001); *cf. Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 592 (2d Cir. 2007) (defining the term "integral" for purposes of the Fair Labor Standards Act) (quoting WEBSTER'S THIRD NEW INT'L DICTIONARY 1173 (unabridged 1986)). If a street is an integral part of a county road or state highway, it need not be a connecting link; conversely, a connecting link need not be an integral part of a county road or state highway.

Whether a particular municipal street is a connecting link in or an integral part of a county road or state highway is a question of fact that must be resolved in the first instance by the county commissioners court. *See* TEX. CONST. art. III, § 52(b)–(c); *City of Breckenridge*, 40 S.W.2d at 43–44; *see also* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process."); *cf. Terry v. Edgin*, 561 P.2d 60, 66 (Okla. 1977) (concluding that whether a particular road or street is a connecting link in the county highway system is a question of fact to be decided on a case-by-case basis). In certain circumstances, a commissioners court reasonably may find that a street that connects with a county road or state highway on only one end is an integral part of a county road or state highway. Under *City of Breckenridge*, a county may use road bond funds to construct, maintain, or operate a municipal street only if the municipality consents. *See City of Breckenridge*, 40 S.W.2d at 43–44.

## S U M M A R Y

If a county determines that a particular municipal street is a connecting link or an integral part of a county road or state highway, the county may use the proceeds of road bonds issued under article III, section 52(b) and (c) of the Texas Constitution to construct, maintain, or operate the municipal street.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee